UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KEITH BRYAN WEBB-EL,**

    Petitioner,

v.                                      Case No: 5:23-cv-477-WFJ-PRL

**UNITED STATES PAROLE COMMISSION,**

    Respondent.
_____

**<u>ORDER</u>**

Before the Court is Petitioner Keith Bryan Webb-El's *pro se* "Motion to the District Court for Judgment on the Pleading." (Doc. 17). Upon careful consideration, the Court denies Petitioner's motion as premature.

On July 31, 2023, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). By Order dated August 16, 2023, Respondent was directed to file a response to the Petition. (Doc. 3). However, before the response was due, Petitioner moved to amend his petition. (Doc. 8). Petitioner was directed to submit his amended petition by November 24, 2023. (Doc. 12). Instead of filing an amended petition, Petitioner filed two motions: (1) "Petitioner Webb-El Motion to the Court to Stricken [sic] his Motion to Amend his 28 U.S.C. Section 2241(c)(a) Writ of Habeas Corpus Petition Ground One, Two and Three" (Doc. 13), and (2) "Petitioner Webb-El Motion to the Court to Stricken [sic] his 2241

[indecipherable] Writ of Habeas Corpus Petition Grounds One, Two, and Three" (Doc. 14). Because the intent of those motions was not clear, Petitioner was directed to file a response that either (1) states that he wishes to proceed on the initial petition (Doc. 1); (2) he wants to file an amended petition; or (3) he wants to voluntarily dismiss this case. (Doc. 15). To date Petitioner has not filed a response in compliance with that Order. By Order dated January 2, 2024, Petitioner was again directed to file a response that clarified his intent. (Doc. 18). Petitioner's response to that Order is due by January 16, 2024. *Id*. Petitioner was warned that his failure to comply with that Order will result in the dismissal of this action without further notice. *Id.*

In his instant "Motion to the District Court for Judgment on the Pleading," Petitioner requests that his Petition be granted because, *inter alia*, Respondent did not file a response to his Petition. (Doc. 17 at 1–6). A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Here, the pleadings are not closed. Because Petitioner sought, and was granted, leave to amend his Petition, Respondent was relieved of its duty to file a response until the amended petition was filed. Petitioner has neither filed an amended petition, nor responded to Court Orders requiring a clarification as to how he wishes to proceed with this case.

Accordingly, Petitioner's Motion (Doc. 17) is **DENIED without prejudice** as premature. Petitioner is reminded of his requirement to respond to the January 2, 2024 Order by January 16, 2024. The failure to comply with that Order will result in the dismissal of this action without further notice.

**DONE AND ORDERED** at Tampa, Florida, on January 8, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Petitioner, *pro se*
Counsel of Record

3